## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROBERTA KENNEDY,**

> **Plaintiff,**

**v.**                                                              **Case No.:**

**HOME PERFORMANCE ALLIANCE, INC.,**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Roberta Kennedy ("Plaintiff"), by and through undersigned counsel, herby sues Home Performance Alliance, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1.      This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA") and breach of employment agreement.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. § 1331

and § 1343, as this action involves federal questions regarding the deprivation of

Plaintiff's rights under Title VII and the ADAAA.

3.      This Court has supplemental jurisdiction over Plaintiff's claims arising from

the FCRA and breach of employment agreement pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events or omissions giving rise to this action, including the

unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5.      Plaintiff worked for Defendant in Hillsborough County, Florida.

6.      Defendant is a Florida Profit Corporation.

7.      At all times mentioned herein, before and after, the person(s) responsible for

perpetrating discriminatory actions against Plaintiff were agents, servants, and/or

employees of Defendant and were at all times acting within the scope and course of

their agency and employment, and/or the actions were expressly authorized by

Defendant and/or their actions were ratified by Defendant, thus making Defendant

liable for said actions.

8.      Plaintiff was considered an "employee" within the meaning of the FCRA,

Title VII and the ADAAA.

9.     Defendant was considered an "employer" within the meaning of the FCRA, Title VII and the ADAAA.

10.    Plaintiff was "disabled" as defined by the ADAAA during her employment with Defendant.

11.    Plaintiff had a "handicap" as defined by the FCRA during her employment with Defendant.

12.    Defendant knew of Plaintiff's "disability" and "handicap" during her employment with Defendant.

13.    Plaintiff was a "qualified individual" as defined by the FCRA and ADAAA during her employment with Defendant.

## PROEDURAL REQUIREMENTS

14.    Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

15.    On July 15, 2022, the FCHR issued a Notice of Determination letter stating that there is reasonable cause to believe that an unlawful employment practice has occurred.

16.    On October 10, 2022, the EEOC issued a Conciliation Failure and Notice of Rights letter stating that the EEOC found reasonable cause to believe that violations

of the statute(s) occurred with respect to some or all of the matters alleged in the charge.

## STATEMENT OF FACTS

17.   Plaintiff's sex is female.

18.   Plaintiff began employment with Defendant on or about February 15, 2021 as a territory manager.

19.   Plaintiff's compensation was detailed in an employment agreement ("Agreement") that stated she would earn commission based upon Net Installed Sales, and shall be paid commissions as a percentage of Net Installed Sales Income.

20.   Shortly after beginning employment with Defendant, Plaintiff requested a leave to attend her own medical appointments.

21.   After making this request, Plaintiff was told by her supervisor, Nick Messer ("Mr. Messer"), that she needed to get permission from the owner, Gary Delia ("Mr. Delia").

22.   Upon contacting Mr. Delia, Plaintiff was told to "Toughen up girl! The guys aren't pussies, so don't be one either!", "I own your ass, so no days off for you until after 90 days!" and "now stop bothering me and get your ass out there and start selling something!"

23.   Plaintiff's similarly situated male co-workers were not subjected to such harassment and denial when requesting leave.

24.    The harassment regarding taking any time off continued and Plaintiff was treated in a disparate treatment as compared to her similarly situated male co-workers.

25.    Plaintiff opposed this harassing treatment and denial of leave perpetrated by Mr. Delia by making a complaint to Plaintiff's supervisor, Mr. Messer, but Mr. Messer only told Plaintiff that Mr. Delia treated Plaintiff like he did because he thought she was "weak" and there was nothing Mr. Messer could do.

26.    Plaintiff's  similarly situated male co-workers were not called "weak" by Mr. Delia.

27.    In or around the first week of May 2021, Plaintiff badly sprained her ankle in a customer's home.

28.    The injury to Plaintiff's ankle was a physical impairment that substantially limited her ability to walk.

29.    That same night, Plaintiff contacted Defendant's dispatch unit to inform them of her injury.

30.    Plaintiff reported to the office at or around 10:00 a.m. the following day.

31.    That morning, Plaintiff hobbled in to the office on crutches in excruciating pain and  entered the training room where Mr. Messer, Peter Vetere, the Vice President of Sales,  and five other sales representatives were present.

32.     Mr. Delia eventually entered and asked Plaintiff "why are you such a hot mess all the time? What the hell am I supposed to do with you?".

33.     Plaintiff's  similarly situated male co-workers were not called "a hot mess" by Mr. Delia.

34.     Plaintiff asked Mr. Delia if she could take leave to go to the hospital to have an X-ray taken.

35.     Mr. Delia told Plaintiff that she already had an work appointment scheduled and if she didn't go to the work appointment, he would charge her for missing the work appointment.

36.     Mr. Delia continued by calling Plaintiff "a total klutz" and that it was probably her own fault that she injured herself.

37.     Plaintiff's  similarly situated male co-workers were not called "a total klutz" by Mr. Delia.

38.     Mr. Delia laughed at Plaintiff sarcastically in front of everyone.

39.     On or around May 17, 2021, Plaintiff was contacted by Mr. Delia concerning the rescheduling of an appointment and she was told by Mr. Delia that she was a "dumv (sic) ass" and that she should "go to work for Macys (sic) in cosmetic section".

40.     Plaintiff's similarly situated male co-workers were not called a "dumv (sic) ass" nor were they told to "go to work for Macys (sic) in cosmetic section" by Mr. Delia.

41.     Plaintiff is diagnosed with Attention-Deficit Hyperactivity Disorder ("ADHD").

42.     Plaintiff's ADHD substantially limits her ability to focus, her ability to concentrate and her short term attention span.

43.     Further, Plaintiff was told that she was being terminated.

44.     At the time of this filing, Plaintiff is owed $25,834.40 in earned commission.

45.     Plaintiff has satisfied all conditions precedent, or they have been waived.

46.     Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination because of sex in violation of the FCRA

47.     All allegations prior to Count I are reallaged and incorporated herein.

48.     Plaintiff's supervisor, Mr. Delia, harassed her because of her sex.

49.     The harassment created a hostile work environment for Plaintiff.

50.     As a direct and proximate cause of the hostile work environment, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Discrimination because of sex in violation of the FCRA

51.     All allegations prior to Count I are reallaged and incorporated herein.

52.     Defendant terminated Plaintiff.

53.     Plaintiff's sex was a motivating factor that prompted Defendant to terminated Plaintiff.

54.     As a direct and proximate cause of the unlawful termination, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count III – Discrimination in violation of the FCRA

55.     All allegations prior to Count I are reallaged and incorporated herein.

56.     At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

57.     Plaintiff has an actual handicap, has a record of being handicap, and/or is perceived as having a handicap by Defendant.

58.     Defendant terminated Plaintiff because of her handicap.

59.     Defendant's termination of Plaintiff because of her handicap constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

60.     As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count IV – Failure to accommodate in violation of the FCRA

61.     All allegations prior to Count I are reallaged and incorporated herein.

62.     At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

63.     Plaintiff has an actual handicap, has a record of being handicap, and/or is perceived as having a handicap by Defendant.

64.     Plaintiff requested leave as an accommodation due to her own handicap.

65.     Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her handicap, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's handicap.

66.     As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count V – Retaliation in violation of the FCRA

67.    All allegations prior to Count I are reallaged and incorporated herein.

68.    Plaintiff engaged in protected activity by requesting a reasonable accommodation and opposing the denial of leave.

69.    Defendant retaliated against Plaintiff by terminating her employment.

70.    As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VI – Retaliation in violation of the FCRA

71.    All allegations prior to Count I are reallaged and incorporated herein.

72.    Plaintiff engaged in protected activity by opposing Defendant's unlawful harassment and discrimination because of her sex and by filing a complaint with Mr. Messer.

73.    Defendant took an adverse employment action by terminating Plaintiff's employment.

74.    Defendant took the adverse employment action because of Plaintiff's protected activity.

75.    As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VII – Discrimination because of sex in violation of Title VII

76.    All allegations prior to Count I are reallaged and incorporated herein.

77.    Plaintiff's supervisor, Mr. Delia, harassed her because of her sex.

78. The harassment created a hostile work environment for Plaintiff.

79. As a direct and proximate cause of the hostile work environment, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VIII – Retaliation in violation of Title VII

80. All allegations prior to Count I are reallaged and incorporated herein.

81. Defendant terminated Plaintiff.

82. Plaintiff's sex was a motivating factor that prompted Defendant to terminated Plaintiff.

83. As a direct and proximate cause of the unlawful termination, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count IX – Discrimination in violation of the ADAAA

84. All allegations prior to Count I are reallaged and incorporated herein.

85. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

86. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

87. Defendant terminated Plaintiff because of her disability.

88.     Defendant's termination of Plaintiff because of her disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

89.     As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count X – Failure to accommodate in violation of the ADAAA

90.     All allegations prior to Count I are reallaged and incorporated herein.

91.     At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

92.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

93.     Plaintiff requested leave as an accommodation due to her own disability.

94.     Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

95.     As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count XI – Retaliation in violation of the ADAAA

96.     All allegations prior to Count I are reallaged and incorporated herein.

97.     Plaintiff engaged in protected activity by requesting a reasonable accommodation and opposing the denial of leave.

98.     Defendant retaliated against Plaintiff by terminating her employment.

99.     As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count XII – Retaliation in violation of Title VII

100.    All allegations prior to Count I are reallaged and incorporated herein.

101.    Plaintiff engaged in protected activity by opposing Defendant's unlawful harassment and discrimination because of her sex and by filing a complaint with Mr. Messer.

102.    Defendant took an adverse employment action by terminating Plaintiff's employment.

103.    Defendant took the adverse employment action because of Plaintiff's protected activity.

104.   As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff

has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### COUNT XIII – Breach of Employment Agreement

105.   All allegations prior to Count I are realleged and incorporated herein.

106.   Plaintiff entered into a valid employment agreement with Defendant.

107.   Defendant  breached the employment agreement by failing to pay Plaintiff all

earned commission.

108.   Earned commissions are "unpaid wages" as defined by Florida law.

109.   Plaintiff is owed $25,834.40 in earned commission.

110.   As a result of the foregoing, Plaintiff has suffered damages and is entitled to

relief set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a)   That process issue and that this Court take jurisdiction over the case;

(b)   Judgement against Defendant in the amount of Plaintiff's unpaid wages, back

wages and back benefits, front-pay, compensatory damages, including emotional

distress damages, in an amount to be proved at trial, liquidated damages, punitive

damages, and prejudgment interest thereon;

(c)     All costs and reasonable attorney's fees, pursuant to, but not limited to, Fla. Stat. § 448.08, the FCRA, Title VII and the ADAAA in litigating this matter (including expert fees); and

(d)     For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this <u>17th</u> day of November, 2022 by:

<u>/s/ Jason B. Woodside</u>
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Counsel for Plaintiff*

15